IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ECI SOFTWARE SOLUTIONS, INC., § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> JOHN PLYLER PLUMBING AND § <br> HARDWARE, INC.; OLSHAN LUMBER § <br> COMPANY; AND PROSPERITY § <br> COMPUTER SOLUTIONS, LLC, § <br>     *Defendants*. § | Cause No. 2:18-cv-337 |

**DEFENDANT PROSPERITY COMPUTER SOLUTIONS, LLC'S ORIGINAL ANSWER**

Defendant Prosperity Computer Solutions, LLC ("Prosperity") answers Plaintiff's *Complaint* as follows. Unless otherwise admitted, Prosperity denies each and every material allegation contained in Plaintiff's *Complaint*.

1. Prosperity admits the following allegations contained in paragraph one of Plaintiff's *Complaint*: Plaintiff acquired the assets of Advantage Business Computer Systems, Ltd. ("ABC") in 2007; ABC's products were designed, developed, marketed, and licensed to customers in the lumber, building materials, hardline industries; Greg Matatall wrote the software known as "Advantage;" after the acquisition, Matatall worked for ECI; Plaintiff terminated Matatall in 2015. Prosperity denies the remaining allegations contained in paragraph one of Plaintiff's *Complaint*.

2. Prosperity admits that Defendants John Plyler Plumbing and Hardware, Inc. ("Plyler") and Olshan Lumber Company ("Olshan") previously purchased licenses to the Advantage software from ABC before Plaintiff acquired the software in 2007. Prosperity lacks knowledge or information about Plaintiff's business relationship with Defendants Olshan and Plyler sufficient to form a belief about the truth of the allegations contained in paragraph two of Plaintiff's *Complaint*. Prosperity denies the

remaining allegations contained in paragraph two of Plaintiff's *Complaint*.

3. Prosperity admits that it reset the Advantage software's expiration date on Defendants Olshan's and Plyer's servers. Prosperity denies the remaining allegations contained in paragraph three of Plaintiff's *Complaint*.

4. Prosperity denies the allegations contained in paragraph four of Plaintiff's *Complaint*.

5. Prosperity admits the allegations contained in paragraph five of Plaintiff's *Complaint*.

6. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of Plaintiff's *Complaint*.

7. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of Plaintiff's *Complaint*.

8. Prosperity admits the following allegations contained in paragraph 8 of Plaintiff's *Complaint*: Prosperity is a Texas limited liability company; Prosperity's corporate headquarters and principal place of business is in Texas, and it is thus subject to personal jurisdiction in Texas; and Prosperity's registered agent is Janet Matatall located at 515 Private Road 3001, Big Sandy, Texas. Prosperity denies the remaining allegations contained in paragraph 8 of Plaintiff's *Complaint*.

9. Prosperity admits the allegations contained in paragraph 9 of Plaintiff's *Complaint*.

10. Prosperity denies the allegations contained in paragraph 10 of Plaintiff's *Complaint*.

11. Prosperity admits that ABC sold substantially all of its assets to Plaintiff in 2007 and that ABC marketed products under the brand "Advantage" which were designed, developed, and licensed to businesses in the lumber and building materials, hardlines industries. Prosperity denies the remaining allegations contained in paragraph 11 of Plaintiff's *Complaint*.

12. Prosperity admits that Plaintiff purchased ABC's "Intellectual Property and Intellectual Property Rights and related goodwill" when acquiring the company. Prosperity denies the remaining

allegations contained in paragraph 12 of Plaintiff's *Complaint* or is unable to admit or deny the allegations that require a legal conclusion.

13. Prosperity lacks knowledge or information regarding the corporate structure of Plaintiff or current ownership of the Advantage Software sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiff's *Complaint*.

14. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiff's *Complaint*.

15. Prosperity admits that ECI uses an AMP server to set an expiration a belief about the truth of the allegations in paragraph 15 of Plaintiff's *Complaint*. date for Advantage software. Prosperity lacks knowledge or information sufficient to form

16. Prosperity admits that it was previously involved in in several lawsuits with Plaintiff. Prosperity denies the remaining allegations contained in paragraph 16 of Plaintiff's *Complaint*.

17. Prosperity denies the allegations contained in paragraph 17 of Plaintiff's *Complaint*.

18. Prosperity denies that it was founded and/or financial supported by Greg Matatall. Prosperity admits the allegations contained in paragraph 18 of Plaintiff's *Complaint*.

19. Prosperity admits the allegation that Plaintiff purchased the Advantage Software from ABC contained in paragraph 19 of Plaintiff's *Complaint*. Otherwise, Prosperity lacks knowledge or information regarding Defendants Olshan's and Plyler's licensing and use of the Advantage Software sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's *Complaint*.

20. Prosperity lacks knowledge or information regarding Plaintiff's contracts with Defendants Olshan and Plyler sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Plaintiff's *Complaint*.

21. Prosperity lacks knowledge or information regarding Plaintiff's communications with Defendants Olshan and Plyler and payments from Defendants Olshan and Plyler to Plaintiff sufficient to form a belief about the truth of the allegations contained in paragraph 21 of Plaintiff's *Complaint*.

22. Prosperity lacks knowledge or information regarding ECI's practices with its customers' licenses sufficient to form a belief about the truth of the allegations contained in paragraph 22 of Plaintiff's *Complaint*.

23. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of Plaintiff's *Complaint*.

24. Prosperity admits that Plyler and Olshan were using the Advantage software in July 2018. Prosperity denies the remaining allegations contained in paragraph 24 of Plaintiff's *Complaint*.

25. Prosperity denies allegations in paragraph 25 of Plaintiff's *Complaint* other than it admits that it had extended the license termination dates for Plyler and Olshan.

26. Prosperity lacks knowledge or information about ECI's contracts with Defendants Olshan and Plyler or Plaintiff's updates sent to Plyler's and Olshan's systems sufficient to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiff's *Complaint*.

27. Prosperity lacks knowledge or information about ECI's review of Defendant Olshan's and Plyler's servers sufficient to form a belief about the truth of the allegations contained in paragraph 27 of Plaintiff's *Complaint*.

28. Prosperity lacks knowledge or information about ECI's review of Defendant Olshan's and Plyler's servers sufficient to form a belief about the truth of the allegations contained in paragraph 28 of Plaintiff's *Complaint*.

29. Prosperity lacks knowledge or information about ECI's review of Defendant Olshan's and Plyler's servers sufficient to form a belief about the truth of the allegations contained in paragraph 29 of Plaintiff's *Complaint*.

30. Prosperity admits the allegations contained in paragraph 30 of Plaintiff's *Complaint*.

31. Prosperity denies the allegations contained in paragraph 31 of Plaintiff's *Complaint*.

32. Paragraph 32 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 32 of Plaintiff's *Complaint*.

33. Prosperity admits that paragraph 33 of Plaintiff's *Complaint* correctly recites the text of 18 U.S.C. § 1836(b)(1).

34. Prosperity denies the allegations contained in paragraph 34 of Plaintiff's *Complaint*.

35. Prosperity denies the allegations contained in paragraph 35 of Plaintiff's *Complaint*.

36. Prosperity denies Plaintiff's allegations of trade secret misappropriation contained in paragraph 36 of Plaintiff's *Complaint*.

37. Prosperity denies Plaintiff's allegations of trade secret misappropriation contained in paragraph 37 of Plaintiff's *Complaint*.

38. Prosperity denies Plaintiff's allegations of trade secret misappropriation contained in paragraph 38 of Plaintiff's *Complaint*.

39. Prosperity denies Plaintiff's allegations of trade secret misappropriation contained in paragraph 39 of Plaintiff's *Complaint*.

40. Prosperity denies Plaintiff's allegations of trade secret misappropriation contained in paragraph 40 of Plaintiff's *Complaint*.

41. Prosperity denies the allegations contained in paragraph 41 of Plaintiff's *Complaint*.

42. Prosperity denies the allegations contained in paragraph 42 of Plaintiff's *Complaint*.

43. Prosperity denies the allegations contained in paragraph 43 of Plaintiff's *Complaint*.

44. Prosperity denies the allegations contained in paragraph 44 of Plaintiff's *Complaint*

45. Paragraph 45 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 45 of Plaintiff's *Complaint*.

46. Prosperity denies the allegations contained in paragraph 46 of Plaintiff's *Complaint*.

47. Prosperity denies the allegations contained in paragraph 47 of Plaintiff's *Complaint*.

48. Prosperity denies the allegations contained in paragraph 48 of Plaintiff's *Complaint*

49. Paragraph 49 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 49 of Plaintiff's *Complaint*.

50. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of Plaintiff's *Complaint*.

51. Prosperity admits that it used the AMP Code to reset the license expiration dates on Defendants Olshan's and Plyler's servers. Prosperity denies the remaining allegations contained in paragraph 51 of Plaintiff's *Complaint*.

52. Prosperity denies the allegations contained in paragraph 52 of Plaintiff's *Complaint*.

53. Prosperity denies the allegations contained in paragraph 53 of Plaintiff's *Complaint*.

54. Paragraph 54 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 54 of Plaintiff's *Complaint*.

55. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's contracts with Defendants Plyler and Olshan contained in paragraph 55 of Plaintiff's *Complaint*.

56. Prosperity lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's performance under its contracts with Defendants Plyler and Olshan contained in paragraph 56 of Plaintiff's *Complaint*.

57. Prosperity lacks knowledge or information about the contractual relationship and performance between Plaintiff and Defendants Plyler and Olshan sufficient to form a belief about the truth of the allegations contained in paragraph 57 of Plaintiff's *Complaint*.

58. Prosperity lacks knowledge or information regarding the harm Plaintiff allegedly suffered from Defendants Plyler and Olshan sufficient to form a belief about the truth of the allegations contained in paragraph 58 of Plaintiff's *Complaint*. Prosperity denies that Plaintiff is entitled to any relief.

59. Prosperity lacks knowledge or information regarding entitlement to attorney's fees or costs from Defendants Olshan and Plyler sufficient to form a belief about the truth of the allegations contained in paragraph 67 of Plaintiff's *Complaint*.

60. Paragraph 60 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 60 of Plaintiff's *Complaint*.

61. Prosperity admits that it signed the Settlement Agreement. Prosperity denies the remaining allegations contained in paragraph 61 of Plaintiff's *Complaint*.

62. Prosperity denies the allegations contained in paragraph 62 of Plaintiff's *Complaint*.

63. Prosperity denies the allegations contained in paragraph 63 of Plaintiff's *Complaint*.

64. Prosperity denies that its actions have caused Plaintiff any harm. Prosperity denies that

Plaintiff is entitled to any of the relief sought in paragraph 64 of Plaintiff's *Complaint*.

65. Prosperity denies that Plaintiff is entitled to any attorney's fees or costs under the Texas Civil Practice and Remedies Code.

66. Paragraph 66 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 66 of Plaintiff's *Complaint*.

67. Prosperity denies Plaintiff's allegations of conspiracy contained in paragraph 67 of Plaintiff's *Complaint*.

68. Prosperity denies Plaintiff's allegations of conspiracy contained in paragraph 68 of Plaintiff's *Complaint*.

69. Prosperity denies Plaintiff's allegations of conspiracy contained in paragraph 69 of Plaintiff's *Complaint*.

70. Prosperity denies that its actions have caused Plaintiff any damage.

71. Prosperity denies the allegations contained in paragraph 71 of Plaintiff's *Complaint*.

72. Paragraph 72 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 72 of Plaintiff's *Complaint*.

73. Prosperity denies the allegations contained in paragraph 73 of Plaintiff's *Complaint*.

74. Prosperity denies the allegations contained in paragraph 74 of Plaintiff's *Complaint.*

75. Prosperity denies the allegations contained in paragraph 75 of Plaintiff's *Complaint*.

76. Prosperity denies the allegations contained in paragraph 76 of Plaintiff's *Complaint*.

77. Prosperity denies the allegations contained in paragraph 77 of Plaintiff's *Complaint* and denies that Plaintiff is entitled to any damages.

78. Prosperity denies the allegations contained in paragraph 78 of Plaintiff's *Complaint*.

79. Paragraph 79 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Prosperity denies the allegations contained in paragraph 79 of Plaintiff's *Complaint*.

80. Prosperity denies that Plaintiff is entitled to any injunctive relief.

81. Prosperity denies that Plaintiff is entitled to any of the injunctive relief sought in paragraph 81 of Plaintiff's *Complaint*.

82. Prosperity denies the allegations contained in paragraph 82 of Plaintiff's *Complaint.*.

83. Prosperity denies the allegations contained in paragraph 83 of Plaintiff's *Complaint*.

84. Prosperity denies the allegations contained in paragraph 84 of Plaintiff's *Complaint*.

85. Prosperity denies the allegations contained in paragraph 85 of Plaintiff's *Complaint*.

86. Prosperity admits that Plaintiff is willing to post a bond. Prosperity denies the remaining allegations contained in paragraph 86 of Plaintiff's *Complaint*.

[87.] Prosperity denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Venue is not proper in this Court for the reasons stated in Prosperity's *Motion to Join Defendant Olshan's Emergency Motion to Transfer Venue and Brief in Support*. (Dkt. 43).

The Court lacks subject matter jurisdiction over Plaintiff's claims under the Digital Millennium Copyright Act because Plaintiff lacks valid copyright registrations.

Plaintiff's claims are barred by the doctrines of fair use, laches, waiver, estoppel, and unclean hands.

Plaintiff's alleged damages are barred because Plaintiff failed to mitigate its damages.

Plaintiff's prayer for punitive and exemplary damages is limited by the applicable provisions of state and federal law.

Prosperity reserves its right to present additional affirmative defenses as this lawsuit progresses.

## PRAYER

Prosperity prays that Plaintiff take nothing by its claims, that judgment be entered in favor of Prosperity, and that the Court awards any further relief that the Court finds Prosperity is justly entitled to.

        Respectfully submitted,

By**:** _____
Elisaveta Dolghih
State Bar No. 24043355
Brent Sedge
State Bar No. 24082120
**LEWIS, BRISBOIS, BISGAARD, & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111
Leiza.Dolghih@lewisbrisbois.com
Brent.Sedge@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT PROSPERITY COMPUTER SOLUTIONS, LLC**

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all parties *via CM/ECF* on September 5, 2018:

                          */s/ Brent Sedge*
                          Brent Sedge