# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-cv-337 |
| | § | |
| JOHN PLYLER PLUMBING AND | § | |
| HARDWARE, INC.; OLSHAN LUMBER | § | |
| COMPANY, AND PROSPERITY | § | |
| COMPUTER SOLUTIONS, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT JOHN PLYLER PLUMBING AND HARDWARE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AND COUNTERCLAIM

COMES NOW Defendant John Plyler Plumbing and Hardware, Inc. ("Plyler"), and files its Answer and Defenses to Plaintiff's Original Complaint ("Complaint") filed by Plaintiff ECI Software Solutions, Inc. ("Plaintiff") and its Counterclaim against Plaintiff. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

### I.  ADMISSIONS & DENIALS

1. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies same.

2. Plyler admits it purchased a perpetual license to the Advantage software before ECI acquired the Advantage software from ABC in 2007. Plyler denies it cancelled its license to continue using the Advantage software. Plyler admits its last payment to ECI was in November of 2017. Plyler admits it ceased using Plaintiff's software for point of sale transactions on August 7, 2018. Plyler admits it now uses software offered by Prosperity Computer Solutions, LLC ("Prosperity"). Plyler denies it conspired with Prosperity or improperly accessed and altered the license-expirations dates on the Advantage software. To the extent not specifically

admitted or denied, Plyler is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Plyler denies the allegations contained in paragraph 4 of the Complaint.

5. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Plyler admits it is an Arkansas corporation with its principal place of business in Glenwood, Arkansas and its registered agent is located at 101 West Broadway, Glenwood, Arkansas 71943. Plyler further admits that the end user license agreement that ECI asserts governs the relationship between Plyler and ECI states that "exclusive jurisdiction for any dispute" should be in Dallas, Texas. To the extent not specifically admitted, Plyler denies all remaining allegations contained in paragraph 6 of the Complaint.

7. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Plyler denies that it conspired with Olshan or Prosperity in Texas to commit torts in Texas. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Plyler admits the allegations contained in paragraph 9 of the Complaint.

10. Plyler denies the allegations contained in paragraph 10 of the Complaint.

11. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Plyler admits that Greg Matatall is the individual who originally developed the Advantage software. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Plyler admits that it purchased a perpetual license to use the Advantage software from ABC. Plyler admits it utilized the Advantage software after ECI purchased the Advantage software and that it made payments to ECI for support and maintenance. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Plyler admits that it previously received at least one update to the Advantage software, but denies that it has accepted an update in several years. Plyler is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Plyler denies it terminated an agreement with ECI on or about May 25, 2018. Plyler admits that it has not made a payment to ECI since prior to May 25, 2018. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Plyler denies it notified ECI that it was terminating its license. Plyler admits that its firewall was updated by a third party in or around July 2016. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Plyler admits it was using Advantage software in July 2018. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Plyler denies it cancelled or terminated an agreement with ECI in May 2018. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Plyler admits it did not contact Plaintiff about renewing its license for the Advantage software after May 25, 2018. Plyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Plyler denies the allegations contained in paragraph 31 of the Complaint.

32. Plyler restates and incorporates its responses to paragraph 1 through 31 as though fully stated therein.

33. Plyler admits Plaintiff has recited a portion of 18 U.S.C. § 1836.

34. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Plyler denies the allegations against it contained in paragraph 36 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 36 against co-defendants and, therefore, denies same.

37. Plyler denies the allegations against it contained in paragraph 37 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 37 against co-defendants and, therefore, denies same.

38. Plyler denies the allegations against it contained in paragraph 38 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 38 against co-defendants and, therefore, denies same.

39. Plyler denies the allegations against it contained in paragraph 39 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 39 against co-defendants and, therefore, denies same.

40. Plyler denies the allegations against it contained in paragraph 40 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 40 against co-defendants and, therefore, denies same.

41. Plyler denies the allegations contained in paragraph 41 of the Complaint.

42. Plyler denies the allegations contained in paragraph 42 of the Complaint.

43. Plyler denies the allegations contained in paragraph 43 of the Complaint.

44. Plyler denies the allegations contained in paragraph 44 of the Complaint.

45. Plyler restates and incorporates its responses to paragraph 1 through 44 as though fully stated therein.

46. Plyler denies the allegations contained in paragraph 46 of the Complaint.

47. Plyler denies the relief sought in paragraph 47 of the Complaint.

48. Plyler denies the allegations contained in paragraph 48 of the Complaint.

49. Plyler restates and incorporates its responses to paragraph 1 through 48 as though fully stated therein.

50. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies same.

51. Plyler denies the allegations against it contained in paragraph 51 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 51 against co-defendants and, therefore, denies same.

52. Plyler denies the allegations contained in paragraph 52 of the Complaint.

53. Plyler denies the allegations contained in paragraph 53 of the Complaint.

54. Plyler restates and incorporates its responses to paragraph 1 through 53 as though fully stated therein.

55. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 55 and, therefore, denies same.

56. Plyler denies the allegations contained in paragraph 56 of the Complaint.

57. Plyler denies the allegations against it contained in paragraph 57 of the Complaint. Plyler is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 57 against co-defendant and, therefore, denies same.

58. Plyler denies the allegations contained in paragraph 58 of the Complaint.

59. Plyler denies the allegations contained in paragraph 59 of the Complaint.

60. Plyler restates and incorporates its responses to paragraph 1 through 59 as though fully stated therein.

61. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, therefore, denies same.

62. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies same.

63. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, therefore, denies same.

64. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and, therefore, denies same.

65. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, therefore, denies same.

66. Plyler restates and incorporates its responses to paragraph 1 through 65 as though fully stated therein.

67. Plyler denies the allegations contained in paragraph 67 of the Complaint.

68. Plyler denies the allegations contained in paragraph 68 of the Complaint.

69. Plyler denies the allegations contained in paragraph 69 of the Complaint.

70. Plyler denies the allegations contained in paragraph 70 of the Complaint.

71. Plyler denies the allegations contained in paragraph 71 of the Complaint.

72. Plyler restates and incorporates its responses to paragraph 1 through 71 as though fully stated therein.

73. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and, therefore, denies same.

74. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and, therefore, denies same.

75. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and, therefore, denies same.

76. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and, therefore, denies same.

77. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and, therefore, denies same.

78. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and, therefore, denies same.

79. Plyler restates and incorporates its responses to paragraph 1 through 78 as though fully stated therein.

80. Plyler denies Plaintiff is entitled to the relief sought in paragraph 80 of the Complaint.

81. Plyler denies Plaintiff is entitled to the relief sought in paragraph 81 of the Complaint, including all subparts.

82. Plyler denies the allegations contained in paragraph 82 of the Complaint.

83. Plyler denies the allegations contained in paragraph 83 of the Complaint.

84. Plyler denies the allegations contained in paragraph 84 of the Complaint.

85. Plyler denies the allegations contained in paragraph 85 of the Complaint.

86. Plyler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and, therefore, denies same.

87. Plyler denies ECI is entitled to the relief requested in the unnumbered portion of the Complaint, titled "RELIEF REQUESTED."

88. To the extent the statements in unnumbered headings A, B, C, and D in Section IV are allegations directed against Plyler, Plyler denies these allegations.

## II.     **DEFENSES & AFFIRMATIVE DEFENSES**

89. Plyler asserts that venue is improper.

90. Plyler asserts that Plaintiff failed to mitigate its damages.

91. Plyler asserts the affirmative defense of payment.

92. Plyler asserts that ECI failed to perform its duties as required by the agreement entered into by the parties.

93. Plyler at all times acted in good faith and with the reasonable belief that it was in compliance with the law.

94. Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations.

95. Plaintiff's claims are barred by the doctrine of fair use.

96. Plaintiff's claims are barred by the doctrine of unclean hands.

### III. COUNTERCLAIM

97. Plyler assumes the role of Counter-Plaintiff and asserts its counterclaim against ECI.

98. Counter-Defendant ECI is a Texas corporation with its principal place of business located in Fort Worth, Texas.

99. Counter-Plaintiff Plyler is an Arkansas corporation with its principal place of business in Glenwood, Arkansas.

100. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 as the claims asserted are directly related to claims brought by ECI in this action since they arise from a common nucleus of operative facts. Additionally, the Court has jurisdiction pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

101. In or around 2000, Plyler purchased a perpetual license for the Advantage software from ABC. Plyler paid ABC for maintenance services and updates for the Advantage software. ABC was subsequently purchased by ECI. Plyler understood it would continue to use the Advantage software under the terms of the perpetual license it had purchased. After ECI

purchased ABC, Plyler continued to remit a monthly fee to ECI for maintenance services and updates for the Advantage software.

102. The version of the Advantage software Plyler used was released in 2014. The last time ECI provided an update for Advantage software to Plyler was in or around January of 2015. In or around 2015, Plyler began to experience significant issues with the Advantage software that impacted its ability to use the product, which subsequently affected its business. Plyler repeatedly contacted ECI regarding the issues it experienced with the Advantage software, but ECI did not adequately respond or update the Advantage software. ECI continued to ignore Plyler's requests to maintain the Advantage software in a manner that would allow Plyler to use the software without difficulty.

103. ECI also discontinued support for numerous hardware items and instead of reducing its fees accordingly, it increased monthly support fees.

104. Because of ECI's refusal to maintain and provide updates for the Advantage software, Plyler ceased payment for services ECI failed or refused to provide.

105. Since the filing of this lawsuit, Plyler discovered that ECI accessed Plyler's computer network and obtained and stored Plyler's customer information. Plyler never agreed to allow ECI to access and backup its customer database or sales information. ECI has admitted it retrieved Plyler's customer information and had no authorization to obtain or store the information.

## COUNT I – BREACH OF CONTRACT

106. Plyler restates and incorporates the allegations contained in paragraph 93 through 105 as though fully stated herein.

107. ECI breached its contract with Plyler. Per the terms of the contract, ECI was required to provide maintenance to the Advantage software. Specifically, ECI failed to provide

timely updates to the Advantage software and failed to address the issues Plyler experienced with the software. ECI considers the Advantage software a "legacy" product and no longer offers the software to new customers. Instead of providing maintenance as required by its contract with Plyler, ECI instead focuses on its other lines of products.

108. As a direct result of ECI's breach of its contractual duties owed to Plyler, Plyler has sustained losses and expenses including, but not limited to, actual damages and attorneys' fees. ECI represented that the Advantage software could be used on Apple iPads. Plyler relied on this representation and purchased several Apple iPads. However, ECI's Advantage software never worked on the iPads and Plyler was unable to use the iPads to increase the efficiency of its sales. Plyler's damages also include its cost to transition to another provider for credit card machines ECI no longer supported, and its cost to hire another company for a support call after ECI refused to adequately respond to Plyler's request for support.

109. Plyler has been required to employ the services of legal counsel to prosecute ECI's breach of contract. As such, Plyler is entitled to an award of its reasonable attorneys' fees incurred in the prosecution of this claim pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, et seq., in addition to costs of court, as well as pre-judgment and post judgment interest at the highest rates allowed by law.

## COUNT II – VIOLATION OF CONSUMER FRAUD AND ABUSE ACT

110. Plyler restates and incorporates the allegations contained in paragraph 93 through 108 as though fully set forth herein.

111. ECI violated 18 U.S.C. § 1310 when it intentionally accessed Plyler's computers without authorization to do so. ECI knowingly obtained information and data about Plyler's

customers and its sales transactions. As a result of ECI's violations, Plyler is seeking reasonable costs, including investigation costs, costs to respond to the offense and a damage assessment.

## IV. PRAYER

WHEREFORE, Defendant John Plyler Plumbing and Hardware, Inc. prays that Plaintiff's Original Complaint be dismissed in its entirety with prejudice, and that costs, including discretionary costs and attorney's fees, be assessed against Plaintiff. John Plyler Plumbing and Hardware Inc. also requests that this Court grant it all damages to which it is entitled to, including reasonable and necessary attorneys' fees and costs and pre-judgment and post-judgment interest, as well as such other and further relief, whether at law or in equity, to which John Plyler Plumbing and Hardware, Inc. may be justly entitled.

Respectfully submitted,

*/s/ Audra L. Mayberry*
**AUDRA L. MAYBERRY**
State Bar No. 24068615
audra.mayberry@clarkhillstrasburger.com
**MARTIN THORNTHWAITE**
State Bar. No. 24056891
martin.thornthwaite@clarkhillstrasburger.com
**CLARK HILL STRASBURGER**
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034-8698
Telephone: (469) 287-3900
Facsimile: (469) 287-3999

**ATTORNEYS FOR JOHN PLYLER PLUMBING AND HARDWARE, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on this, the 6th day of September, 2018, a true and correct copy of the foregoing was filed via the Court's ECF system and all parties of record were notified utilizing same.

                                           */s/ Audra L. Mayberry*
                                           Audra L. Mayberry