UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | CASE NO. 3:18-cv-02758-S |
| JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; AND PROSPERITY COMPUTER SOLUTIONS, LLC, | | |
| Defendants. | | |

## AGREED ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(b)

THE COURT, having considered the agreement of the parties detailed in this Agreed Order Pursuant to Federal Rule of Evidence 502(b) (the "Order"), and pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(iv), has concluded that the Order, as set forth below, should be entered.

IT IS THEREFORE ORDERED THAT:

### A. DEFINITIONS

a. "Document" shall mean any information in written or recorded form.

b. "Party or "Parties" shall mean any one of or all of ECI Software Solutions, Inc., John Plyler Plumbing and Hardware, Inc., Olshan Lumber Company, and Prosperity Computer Solutions, LLC.

c. "Documents Produced" or "produced documents," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## B. PURPOSE AND SCOPE

The Court hereby orders, pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Rule 502(b) of the Federal Rules of Evidence, that the production of a document shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege and work-product protection. Any Party that complies with this Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected material. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit the Parties from withholding from production any document covered by any applicable privilege or other protection.

The Parties recognize that each Party will likely be required to review and disclose large quantities of information and documents through the discovery process in this action. The Parties have agreed to take reasonable efforts to prevent the production of documents or information subject to the attorney-client privilege or work product protection. Despite such reasonable efforts to avoid disclosure, the Parties have agreed that in the event privileged or protected documents or information are produced, such a disclosure during this litigation shall not constitute a waiver of such privilege or protection.

## C. PROCEDURES

The procedures applicable to a claim of privilege regarding a produced document and the resolution thereof shall be as follows:

    1.      If a producing party discloses to a receiving party a document, or part thereof, that

is subject to the attorney-client privilege or the work product doctrine, the receiving party shall immediately cease reviewing or using such document upon: (a) discovery by the receiving party that it has received information or material that it knows or reasonably believes was inadvertently disclosed and/or is protected by the attorney-client privilege or the work product doctrine or (b) receipt of notice from the producing party of the claim of privilege, whichever is earlier.

2.   If a receiving party discovers that it has received a document, or a part thereof, that it knows, should know, or reasonably believes is protected by the attorney-client privilege or the work product doctrine, the receiving party shall, within ten (10) business days of such discovery, notify the producing party. The receiving party shall also immediately segregate and sequester, destroy, or return to the producing party all such documents, and all copies thereof, and shall provide written notification to the producing party confirming such sequestration, destruction, or return. If the producing party wishes to assert a claim of privilege or other protection, it shall provide to the receiving party a "Privilege Notice" (as defined below) and a privilege log, in accordance with Section C.3 hereof, within ten (10) business days of receiving notice from the receiving party of the production of the potentially privileged or protected document(s). Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

3.   If the producing party determines that a document, or part thereof, that it has produced is subject to an attorney-client privilege or attorney work-product or is otherwise protected, the producing party shall, within ten (10) business days of making such determination, give the receiving party notice of the claim of privilege and request that the receiving party return or destroy the privileged or protected document(s) (a "Privilege Notice"). A Privilege

Notice must contain information sufficient to identify the document, including, if applicable, a Bates number and an identification of the privilege or protection asserted. Within ten (10) business days of providing a Privilege Notice, the producing party must also provide a privilege log that: (a) identifies the specific Bates number(s) of the document(s) containing the allegedly privileged or protected material; (b) describes the subject matter of the document(s) containing the allegedly privileged or protected material; (c) identifies the privilege or protection asserted; (d) states the basis for the claimed privilege or withholding of such information from production; and (e) identifies the date, author, and recipients of the document(s). If the producing party claims that only a portion of a document is privileged or protected, the producing party shall provide, along with the privilege log, a new copy of the document with the allegedly privileged or protected portions redacted.

4.  Upon receiving a Privilege Notice, if the receiving party does not intend to challenge the privilege or protection asserted, the receiving party must promptly return all copies of the specified document(s) to the producing party, or destroy all such copies, depending upon the stated preference of the producing party. If the producing party elects to allow the receiving party to destroy the specified document(s), the receiving party must provide the producing party with a written certification of counsel that the document(s) have been destroyed. The receiving party must also destroy any notes taken about the document(s) and any other documents generated or maintained by the receiving party that incorporate or include information contained in the privileged document(s), and the receiving party must provide the producing party with a written certification of counsel that all such notes and other documents have been destroyed.

5.  Upon receiving a Privilege Notice, if the receiving party wishes to dispute a producing party's privilege or protection assertion, the receiving party shall promptly meet and

confer with the producing party. The receiving party shall sequester all copies of the disputed document(s), as well as all notes taken about the document(s), and shall not use the disputed document(s) in the litigation (*e.g.*, as an exhibit to a pleading, or in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege or protection assertions made in the Privilege Notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim. The receiving party must file its motion within thirty (30) days from the date of the producing party's Privilege Notice. The producing party, though not the moving party, bears the burden of proving the privilege claim.

6. Pending resolution of the judicial determination, the receiving party shall preserve and refrain from using the challenged information contained in the document(s) for any purpose and shall not disclose such information to any person other than those required by law to be served with a copy of the sealed motion, unless otherwise agreed by the Parties. The receiving party's motion challenging the assertion must not publicly disclose any information claimed to be privileged or protected. Any further briefing by any Party shall also not publicly disclose any information claimed to be privileged or protected if the claim remains unresolved or is resolved in the producing party's favor.

7. If the receiving party disclosed any privileged or protected document to another person or entity before receiving a Privilege Notice from the producing party or otherwise discovering that the document, or a part thereof, was protected by a privilege or other protection, the receiving party shall promptly take reasonable steps to retrieve all copies of the document, notify the person or entity to whom the document was disclosed that the document is privileged and must not be further disclosed or used, and notify the producing party of this disclosure and the efforts to recover the document.

8. The Parties may stipulate to extend the time periods specified in paragraphs 2, 3 and 5 above.

9. If a document must be returned or destroyed as determined by the process outlined above, that document, along with copies and notes about the document, whether they exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials can and shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access to those documents, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

10. This Order does not preclude a party from voluntarily waiving any claims of privilege (*e.g.*, by asserting an "advice of counsel" defense).

11. So long as the Parties comply with the terms of this Order, no Party shall assert that the disclosure of any privileged or protected document waived any claim of the attorney-client privilege or attorney work product protection and no producing party shall contend that a receiving party (or its counsel or agents) is or has been tainted by the receipt of privileged or protected documents. After returning or destroying any privileged or protected document(s) pursuant to the terms of this Order, the receiving party may thereafter seek production of any document or information and may dispute any assertion of privilege, but in so doing may not assert that the previous disclosure by the producing party waived any claim of attorney-client privilege or attorney work product.

12. The foregoing protections against the waiver of any attorney-client privilege, work product protection, and other privileges and protections applies in the pending case and any other or future Federal or State proceeding.

IT IS SO ORDERED.

Signed this the 4th day of January, 2019

                                                                    _____
                                                                    KAREN GREN SCHOLER
                                                                    UNITED STATES DISTRICT JUDGE

## AGREED AS TO SUBSTANCE AND FORM:

/s/ Christopher M. LaVigne
Christopher M. LaVigne
**Counsel for ECI SOFTWARE SOLUTIONS, INC.**

/s/ Audra L. Mayberry*
Audra L. Mayberry
**Counsel for JOHN PLYLER PLUMBING AND HARDWARE, INC.**

/s/ Todd Shadle*
Todd Shadle
**Counsel for OLSHAN LUMBER COMPANY**

/s/ Leiza Dolghih*
Leiza Dolghih
**Counsel for PROSPERITY COMPUTER SOLUTIONS, LLC**

*e-signed by permission